We'll hear argument next in Conquistador v. Zweibelson, 19-3267. Ms. Helfer. Good morning. Good morning. May it please the court, my name is Alyssa Helfer from Buckley LLP and I represent Mr. Conquistador. Under the general rule for a false arrest claim, a nollie constitutes a favorable termination. In Mr. Conquistador's case, the government has met its burden to demonstrate that the nollie that was entered falls into the exception to this rule. Summary judgment should have been denied. Mr. Conquistador sued the appellees for falsely arresting him. What's the exception you're referring to? So a nollie under Connecticut law is typically considered a favorable termination unless it results from an agreement between the prosecution and the criminal defendant where the prosecution agrees to enter a nollie in exchange for the criminal defendant providing something of benefit to the state. And the question here is whether the promise or the mental health examination is that, whether it fulfills that. Right, so the question here is whether the criminal proceedings terminated in Mr. Conquistador in a good letter from his mental health provider and the question is whether that is is the quid for the quo or whatever, right? Correct, so there are a lot of questions and a lot of disputes of material fact. But you, but so I just want to make just an answer to Zach's question. You agree that if the exchange were we will nollie, in other words dismiss this case in exchange for proof of mental health treatment, that would qualify. So if that would be an exchange under Connecticut law that would then render this not a favorable termination for him. That's right, it is the case that mental health counseling, mental health treatment could be something that demonstrates there was an exchange between the two. But I'm focused on proof. So in exchange for providing us with under Connecticut law that would render this not a favorable termination. That's correct, however in this case under these circumstances with this record there are questions of material fact as to whether there was an agreement between the prosecution and Mr. Conquistador, where Mr. Conquistador was going to provide something of the state. May I turn then to page 92 of the appendix? And this appears to be his pro se affidavit, where he said in line or paragraph 12 at the very top, he says I was under the impression that my charges would be dismissed completely if I showed proof of mental health treatment. Why doesn't that qualify as this sort of exchange that you just agreed would render this not a favorable termination? So here at page 92, all this shows is that Mr. Conquistador understood that he needed to bring in a piece of paper that references mental health treatment. Mr. Conquistador had been receiving mental health treatment of his own accord since he was 12 years old. You just told me that just the fact of an exchange where the government says we want proof of mental health treatment and we'll nolly, that is enough. If there was an agreement and it was clear what the terms were that the criminal defendant was going to provide something of benefit. It was clearly his impression, that's what he says. My impression was that my charges would be dismissed completely if I showed proof. And on the other side, we've got the government saying that was our understanding as well. I mean, impression, understanding, maybe if you want to hang your hat on that distinction, then let me know. But it seems to be some understanding on the part of both sides that we will nolly, the government will nolly in exchange for proof of mental health treatment. This, however, there's no agreement as to what sort of mental health treatment Mr. Conquistador was supposed to seek or undergo, the terms of the treatment, how often he was supposed to receive it, or whether the previous mental health treatment he had been receiving since his adolescence could form the basis for this good letter. What we have on the record- If the exchange had been proof of any mental health treatment, just provide us with proof of and then we'll nolly, would that be enough? It could be, but that's not what happened here. So under Connecticut precedent, when there are these disputes of material fact as to the circumstances surrounding the nollies entry, like there are here, there is nothing in the record that indicates the sort of mental health treatment Mr. Conquistador would have to undergo, how often he would receive it, for how long he needed to get it, what this good letter, the phrase the prosecutor used, what this good letter needed to say. When there are these sorts of disputes of material fact and when there's this vagueness and this unclearness under Connecticut precedent, courts have found that summary judgment is not appropriate. Can I ask a question? It's a basic question, but the parties seem to be agreeing that Connecticut law governs here, but it seems to me that there's actually- that's not the layup that maybe it appears to be. There seems to be some tension in Second Circuit law about whether this is a state law issue, we defer to the state, or whether this is a federal common law issue and we look to the states only to the extent that they can inform federal common law. This is- SPAC is one circuit case that sort of seems to go one way and Lanning, which seems to go the other. Do we need to address that? So, you do. First of all, Lanning was a malicious prosecution case and while malicious prosecution also has this favorable termination element, it is a distinct cause of action with its distinct elements from false arrest. And even now, district courts that have been looking to Lanning in false arrest cases, those courts have still been undertaking the analysis of whether or not he was entered in exchange for the criminal defendant providing something of benefit to the state. And cases even, you know, post-Lanning have been undertaking this analysis and not granting summary judgment. Are you saying, in answer to Judge Sullivan's question, are you saying that when they do that they are following Connecticut law or they are not? I gather you're saying it doesn't matter, but I'm trying to figure out what they're doing. Correct. I believe they are considering both Lanning and SPAC. I can't point to exactly how they're analyzing, but they still are undertaking this analysis. Are there material disputes of facts regarding the circumstances under Finale? And they're still not granting summary judgment when there are those disputes. Okay, thanks. Thank you. We'll hear from your adversary. Ms. Fiola Guerreri, is that right? Guerreri, yes, Your Honor. May it please the court, my name is Natalie Fiola Guerreri and I'm appearing here in defense of the district court's grant of summary judgment in favor of my clients, Officer Zwiebelsen and Gashi. The district court here properly found that the plaintiff failed to establish a genuine issue of material fact concerning whether or not the criminal charges underlying his Fourth Amendment false arrest claim were terminated in his favor. That issue, under the law, is dispositive of the plaintiff's claim. Can I just ask you to pause for a second? And when you say the law, what law do you mean? Federal? Connecticut? Yes. It makes no difference. The district court cited to the case of Miles v. City of Hartford, it's a Second Circuit case, holding that favorable termination is an element of a Section 1983 claim, sounding in false imprisonment. Also citing to the Roche... I don't think anybody disagrees that favorable termination is an element. The issue is, is that decided under Connecticut law or is that decided as a matter of federal common law? You know, it probably doesn't matter. I don't know that there's any daylight between the two, but... I don't either. It might be worth deciding. Maybe we do have to decide. The way I read the cases is that they apply the law of Connecticut, and that is an issue that is dispositive here. But the law of Connecticut, as I understand it, is not really in real tension with... I mean, maybe this is the point with federal law here. No. One way to assess whether there's an affirmative evidence of actual innocence is whether it was for an exchange for something. You know, there are any number of motivations that the government may have to nullify a case. That's correct. Okay. And your honor, here there is absolutely, with all due respect to opposing counsel, there's absolutely no genuine issue of material fact here that there was an arrangement made. Based upon the court transcripts of the January 26-27 hearing, it reveals the state made an offer. Conquistador was represented by his public defender, Attorney Babcock. An arrangement was made, namely that the case would be continued for six months so that Mr. Conquistador could undergo a mental health evaluation. Could you point specifically in the record to where it clearly states that Mr. Conquistador agreed to enter a six-month mental health program? Well, he's in court when the state's attorney... He's in court with his attorney when the state's attorney indicates that he is going to ask for a diversionary continuance for six months, and on the next court date, if Mr. Conquistador brings in a good letter from his mental health provider, the state will enter a nollie, and that's on A-47 of the appendix. The court specifically canvasses Mr. Conquistador, represented by counsel, whether he understands what is expected of him, and Conquistador responds affirmatively, yes, your honor. In addition... Go ahead. I'm sorry. Yes, in addition, your honor, to the point where it could be reflected in the appendix, I have a citation, appendix A-45, and at that page, the court will find the criminal court clerk's file, and if you take a look at the page and the line where it says, Judge Williams, January 26, 2017, there's a notation. The notation indicates, PTA, mental health eval, comply with treat, treatment, stay away from HPD and all substations unless it's an emergency. So that, again, is another... Substances? You mean substances? Substations. Substations. Yes, because the underlying charge pertained to a threatening of police officers. I see, I see. Okay, of bombing and so forth. No, no, got it. So that is an additional element of proof that there was an arrangement, and in addition, here we have compliance based upon the agreement, which is his performance. Exactly six months later, he shows up in court on July 27, 2017, with his counsel, and the prosecutor reports that this matter was diverted in order for the defendant to bring some proof of treatment. He has done treatment during the six-month diversionary period, and based on that, the state's entering a... The court can find all of that, and that's the verbatim on page four of my brief at appendix 51. So we have performance on the arrangement by Of course, and quite frankly, based upon my experience with these, they aren't. But the law in the Second Circuit, I cite to the Kern versus Herminger case, which I was involved with, all the plaintiff in that case had to do was give a letter of apology, and that was enough to show an arrangement because, quite frankly, Mr. Conquistador wasn't required to do anything to go to trial. And the fact that he did so when he was not required indicates that there was an exchange. He agreed to the exchange, and although counsel argues that there was a misunderstanding as to the dismissal and so forth, the question really, the relevant question is whether or not the dismissal resulted from an arrangement. And the erasure statute of Connecticut actually supports our position because, yes, once a case is dismissed, they are sealed or erased, and it's as if the case didn't exist. However, there is an exemption under 54-142A subsection F, which provides that a defendant who is being sued for false arrest is entitled to seek a court order from the criminal court ordering disclosure of the underlying file. That's exactly what we did here. We received a court order, and we were able to show that the So there's no question there is a deal. The argument that we don't know about, you know, what type of mental health and all of that is irrelevant. We don't have to get into it. On the so-called median of minds argument that he makes, he puts in an affidavit that says, I did not understand what a complete dismissal, that this was not going to be a What are we to make of the affidavit in the context of a summary judgment motion? I mean, this in exchange for, is that a, are there some contractual elements to it? What do we, how do we frame it? Well, he was represented by counsel, and he admitted before the court that he didn't understand what was expected of him, which is his performance under the agreement. That's what was required. In addition to the citation that your honor indicated, A92, where he indicates that he understood what he had to do, you'll also find another reference on page A91, which is just the paragraph above that, where he again says that his attorney explained to him that the prosecutor would dismiss the having received mental health treatment. He did. He did get the charges dismissed. That's not the question. The question is, did he have to give a letter? Did he have to undergo treatment? No. He did that so that the charges would eventually be dismissed. And even if he thought that it was going to be dismissed, he was in court when the state in January and in July indicated that he was going to enter a knowledge. His attorney did not object. She did not say, wait a minute, it should be a dismissal. So the undisputed facts here is that there was an arrangement. The arrangement was performed on his part, and his knowledge and eventual dismissal was effectuated. And there's no daylight between Connecticut law and section 1983 federal common law on this issue, at least. I don't see any. I don't think that the Second Circuit has found any in light of their analysis of these claims on Connecticut law. Thank you very much. Ms. Helfer. I would just like to highlight that my adversary has conceded that the record is not clear about what, if anything, was agreed to here. And as the party moving for summary judgment, the burden was on them to show that there's no dispute of fact over the circumstances. I think she said it. I think she said in answer to my question, it could have been clearer. I don't know that that's a concession, but it was insufficiently clear to grant summary judgment. Two very different things in my circle. Thank you. So she also pointed to appendix page A45, which is where this reference to mental health treatment comes from. But there's also no indication that Mr. Conquistador saw that characterization of any purported agreement. And additionally, in order for a NOLI to not constitute a favorable termination, there needs to be an agreement between the state and the criminal defendant where the criminal defendant provides something of benefit to the state. Simply providing a letter that confirms he's already been receiving mental health treatment is not providing that benefit to the state. Why is that not a benefit to the state? Wouldn't the state benefit from knowing that somebody who is engaging in conduct that might be criminal is someone who has received mental health treatment? There's no indication, though, that Mr. Conquistador did anything other than what he had already been doing since a young age. But he had to prove that he in fact received, even beyond that, that he was continuing to receive mental health treatment. Isn't that a benefit to the state? It's not clear that that was what was agreed to in exchange for the NOLI. He merely continued what he had already been doing, and it's not clear that that was an exchange for the NOLI of his case. But the law requires an arrangement, right? I mean, that's the word. And from the record, it's clear that your client understands that he needs to do something in order to get this charge dismissed or NOLI'd. Isn't that clear from the record? It's not clear what he understood he needed to do and whether he was going to undertake additional conduct in exchange for the NOLI. Do you agree that a bilateral NOLI under, in other words, some understanding, just to pick up on what Judge Sullivan is asking you, bilateral NOLI under Connecticut law ends the case for you. So if we conclude that there was some understanding on his part, fear or not, that he needed to do something and there was not going to be a unilateral abandonment of the case and dismissal of the case on the part of the prosecutors, then you lose. So while the Connecticut Supreme Court has not spoken to whether favorable termination is an element of a false arrest claim, we acknowledge that this court has said so and that lower courts have interpreted that as well. Is there anything else? Unless there are any further questions, we would rest on our papers. Thank you. Thank you very, very much for the argument. We'll reserve decision.